## SAMUEL W. POPE & al. *versus* THE MACHIAS WATER POWER AND MILL COMPANY.

Parol evidence is admissible to identify the subject matter of a recorded vote of a corporation.

Exceptions cannot be sustained to the erroneous admission of testimony upon questions, which afterwards, on the trial, became immaterial.

If a witness can give the substance of a conversation in relation to the matter in issue, his testimony is not to be excluded because he cannot give all the conversation which took place at the same time, in relation to other matters.

Where evidence upon a particular point has been introduced without objection, and commented on by counsel, and instructions in relation to it are given

without objection, it is too late after verdict to object to the instructions on the ground that the testimony was inadmissible.

Where the question is whether a party has waived certain rights, the instruction that, " if he, in the conversation testified to, intended and so expressed himself as to be understood by the other party, in the exercise of common understanding, and was understood as waiving his right, he did waive his right," is unobjectionable.

Erroneous instructions on the question of *amount* of damages are no ground for setting aside the verdict, if the jury find the plaintiff is not *entitled* to damages.

Assumpsit cannot be maintained for breach of covenants in an instrument under seal.

On Exceptions by the plaintiffs to the rulings of Cutting, J., and on motion to set aside the verdict.

Assumpsit for breach of certain stipulations in a lease under seal.

The case is stated in the opinion.

*Granger*, for plaintiffs, in support of exceptions.

*G. F. Talbot*, for defendants, *contra*.

The *motion* was not argued.

The opinion of the Court was drawn by

Cutting, J.—It appears that, on Oct. 15, 1853, the defendants were the owners of township numbered thirty, in the middle division, and certain mills, wharf and other real estate situated in Machias, in the county of Washington; that, on that day, they leased to the plaintiffs their mills and wharf at a certain stipulated rent for a certain number of years, with the privilege of taking lumber from the township upon permits, on conditions therein to be specified. In that lease was the following stipulation : —

" And it is further agreed that the party of the second part (these plaintiffs) shall have the refusal of the mills, wharf and township herein referred to, whenever they shall be offered for sale together."

Although there were other breaches of the lease alleged

in the writ, yet the only one which becomes material in this case, is the following, viz. : —

"Nor did said defendants give the plaintiffs the refusal of the mills, wharf and township referred to in said contract when they were offered for sale together, and did sell the same long before the purchase of this writ to other parties."

The defendants' specifications of defence negative all the allegations in the writ; but, during the progress of the trial, all the rulings were favorable to the plaintiffs upon the various issues presented to the jury, except as to the question of their right of preëmption, which established their claim for damages, unless the defendants, taking upon themselves the burden of proof, should show under their specification a waiver of such right of preëmption. That such were the rulings is to be inferred from the nature of the exceptions, taken as to the admissibility of certain questions and answers contained in the deposition of *Daniel Harwood,* touching that issue; many or most of which become immaterial to *the* issue, which was subsequently presented to the jury; for, although the whole instructions are not reported, and none such as were the most favorable of those to the plaintiffs, yet the plaintiffs' counsel at the close of his opening argument very justly admits, that "the Judge instructed the jury that the plaintiffs were entitled to a distinct offer of the property at the price it was finally concluded to be sold for, unless they found that the plaintiffs had waived this right." And there was no pretence that such offer was ever made, but it was alleged that it was waived by the plaintiffs in advance of the sale.

All evidence, then, of the defendants' offer to sell to the plaintiffs, by vote or otherwise, at a price more than they actually sold for, was unavailing. The defendants' last resort was to the *waiver,* except as to the question of damages, which will be considered hereafter.

Objection was first made to the admission of *Harwood's* deposition, because he declined to annex certain letters received by him from one of the defendants, which objection

is waived in the argument; and, consequently, it requires no particular consideration, further than to say, that a party cannot thus manufacture testimony in his own favor by communications not responsive to the calls of the adverse party.

Question 19th, in the same deposition, was objected to, and the answer, "as incompetent." Interrogatory. "To what subject matter does the vote on the records, in reference to $85,000 as a minimum price, refer? Answer. It refers to the offer made in the schedule A, and to nothing else." It appeared that schedule A was not incorporated into the record, and, without parol evidence as to what property was referred to, the vote would become, not null, but ambiguous and obscure; therefore, to explain it, the answer was admissible. Besides, we have seen that under the instructions all the defendants' offers become immaterial; that the property was never offered to the plaintiffs at the price for which it was sold, and consequently the defendants must in that particular rely upon the waiver.

Without enumerating, it is sufficient to say, that all the objections to the questions and answers in that deposition, fall within the same category, except the evidence as to the declarations of William Pope, the father of the plaintiffs, which it seems were first admitted *de bene esse*, to be subsequently excluded, unless it should be made to appear that he was jointly interested in the purchase with his sons, which being subsequently shown, no further question was raised at the trial.

Again, exception is taken to the admissibility of *Ignatius Sargent's* testimony as to *S. W. Pope's* conversation with him, because he could not recollect all that was said during a period of two or three hours' conversation, most of which was in relation to matters and things in general; but who swore that he did recollect the substance of what was said in relation to the purchase of the property. To exclude testimony under such circumstances would be in direct violation of all modern rules of evidence; for a witness can seldom be found, and if so, unworthy of belief, who should

swear that he recollected and could repeat *verbatim* all such conversations, and, even if he could, the irrelevant part would be excluded. Such an inquiry may properly be made in order to test the recollection of a witness, but not to exclude him, when he can give the substance of what was said touching the issue. The same remarks are, also, applicable to the exception taken to *Edward Pearson, jr's*, evidence.

Having thus disposed of the exceptions as to the admissibility of the evidence, the remaining questions arise as to the correctness of the Judge's instructions to the jury; and the first is, whether he erred in permitting them, if they found for the plaintiffs, to deduct any damages, which the defendants had sustained, by a breach of the same contract on the part of the plaintiffs. Upon general principles, whether there be error or otherwise in this particular, it is too late after verdict for counsel to be more astute than during the trial; for it appears that evidence was introduced without objection relative to such damages, and commented upon by counsel. It was not then the province of the Court, without previous objection or subsequent request, to withdraw such evidence from the consideration of the jury. New trials would be greatly multiplied if they should be granted under such circumstances. The position taken by the counsel, that there was no evidence upon which to base such instruction, is not sustained by the testimony, as reported.

*Secondly.* Exception is taken to the following instructions, viz. : — "On the point of waiver made by the defendants' counsel, the presiding Judge instructed the jury, that, if they were satisfied, that *S. W. Pope* in any of the conversations testified to by the witnesses prior to the corporation fixing the price of forty-four thousand dollars for the property sold to *E. Pearson, jr.*, and others, intended, and so expressed himself as to be understood by the defendants in the exercise of common understanding, and was understood as waiving his right of preëmption under the contract of October 15, 1853, to have the refusal of the property,

then the corporation were at liberty to sell the property to any applicant without any notice to the plaintiffs of such intention to sell, or offer of the property to them."

There is no controversy as to the character and force of the testimony upon which this instruction was based, and it may be difficult to perceive how any person, even of an uncommon and superior understanding of all the nicer technicalities of the law, can have any confidence in such an exception.

*Thirdly.* Exception is also taken to the instruction, that—" On the subject of damages the presiding Judge instructed the jury, with other instructions, to which no exception is taken, that if they believed that the plaintiffs, by their intentional depreciation of the property of the defendants, thereby induced them to estimate their property at less value than they otherwise would have done, the jury might take such fact into consideration in their estimate of the damages, and they might find for the plaintiffs, less such amount as the jury find the defendants sold their property for, less than they otherwise would but for such depreciation of the plaintiffs."

It is apparent that this instruction was given upon the possible, however improbable contingency, that the jury should not find a waiver of the right of preëmption, in which event the jury were authorized to take into consideration any loss which the defendants might have sustained by the conduct of the plaintiffs in the reduction of damages. This exception would seem to manifest an urgent attempt on the part of the plaintiffs to secure an advantage from their own wrong, which the rules of law never permit. The arguments of counsel upon this point fail to induce us to overrule so salutary a principle. But this question has, by the waiver as found by the jury, become immaterial. In the arguments of plaintiffs' counsel, no allusion appears to have been made to their motion to set aside the verdict as being against evidence.

In conclusion, we would remark that the case finds that

this is an action of *assumpsit* to recover damages for the breach of a covenant contained in a *sealed instrument.* But, notwithstanding, the defendants have seen fit to try the case upon its merits, having waived, at the trial, an otherwise insuperable objection.

> *Motion and exception overruled.*
> *Judgment on the verdict.*

APPLETON, C. J., DAVIS, WALTON and BARROWS, JJ., concurred..

KENT, J., concurred in the result.